IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDA METCALF,<br><br>    Plaintiff,<br><br>v.<br><br>COUNTRYWIDE FINANCIAL CORPORATION, et al.,<br><br>    Defendants.<br>_____/ | No. C-09-2707 EDL<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING AS MOOT DEFENDANTS' MOTION TO DISMISS** |

    Plaintiff Amanda Metcalf filed this case, which arises out of her Adjustable Rate Mortgage loans and Home Equity Line of Credit with Defendant Countrywide Financial Corporation, was originally filed in Marin County Superior Court on September 28, 2006. Plaintiff filed a First Amended Complaint in Superior Court on January 7, 2009. On March 25, 2009, the Superior Court sustained Defendants' demurrer to all claims in the First Amended Complaint. Plaintiff filed a Second Amended Complaint on May 18, 2009 in the Superior Court that included a claim under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, and its implementing Regulation Z, 12 C.F.R. § 226, as well as claims for unlawful business practices, fraud, breach of contract, violation of privacy rights and negligent infliction of emotional distress. Defendants removed this action on June 17, 2009.

    On June 24, 2009, Defendants filed a motion to dismiss to be heard on August 4, 2009. On July 13, 2009, Plaintiff filed a notice of dismissal of all federal claims pursuant to Federal Rule of

Civil Procedure 41(a)(1)(A)(i), purporting to dismiss all federal claims in the Second Amended Complaint. Plaintiff also filed a motion to remand set for August 18, 2009. These motions were consolidated for hearing on August 18, 2009. Because these matters are appropriate for decision without oral argument, the August 18, 2009 hearing was vacated. For the following reasons, Plaintiff's Motion to Remand is granted and Defendants' Motion to Dismiss is denied as moot.

**1.    DISMISSAL OF FEDERAL CLAIMS**

Plaintiff purported to dismiss the federal claims in her complaint pursuant to Rule 41(a)(1). It is well-established, however, that Rule 41(a)(1) cannot be used to dismiss individual claims against Defendants:

> In the specific context of Rule 41(a)(1), we have held that the Rule does not allow for piecemeal dismissals. Instead, withdrawals of individual claims against a given defendant are governed by Fed.R.Civ.P. 15, which addresses amendments to pleadings. See Ethridge v. Harbor House Restaurant, 861 F.2d 1389 (9th Cir.1988). As we noted in Ethridge, "a plaintiff may not use Rule 41(a)(1)(i) to dismiss, unilaterally, a single claim from a multi-claim complaint." Id. at 1392. Instead, we agreed with two of our sister circuits that " Federal Rule of Civil Procedure 15(a) is the appropriate mechanism '[w]here a plaintiff desires to eliminate an issue, or one or more but less than all of several claims, but without dismissing as to any of the defendants.' " Id. (quoting 5 J. Moore et al., Moore's Federal Practice ¶ 41.06-1, at 41-83 to -84 (1987)) (alteration in original); see also Gen. Signal Corp. v. MCI Telecomms. Corp., 66 F.3d 1500, 1513 (9th Cir.1995) ("[W]e have held that Rule 15, not Rule 41, governs the situation when a party dismisses some, but not all, of its claims." (citing Ethridge, 861 F.2d at 1392)); Gronholz v. Sears, Roebuck & Co., 836 F.2d 515, 518 (Fed. Cir.1987).

Hells Canyon Preservation Council v. United States Forest Serv., 403 F.3d 683, 687-88 (9th Cir. 2005). Therefore, Plaintiff's Rule 41(a)(1) dismissal was ineffective.

However, amendments pursuant Rule 15(a) are liberally granted. See Eldridge v. Block, 832 F.2d 1132, 1135 (9th Cir.1987) ("Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality."). Also, pursuant to Rule 15(a), a plaintiff may amend her complaint once as of right before a responsive pleading is filed, and a motion to dismiss is not a responsive pleading. See Fed. R. Civ. P. 15(a); Miles v. Dep't of Army, 881 F.2d 777, 781 (9th Cir. 1989). The Court construes Plaintiff's voluntary dismissal of her federal claims as an amendment of the complaint. See Gronholz v. Sears, Roebuck & Co., 836 F.2d 515, 518-19 (Fed. Cir. 1987) (construing the dismissal of the patent claim as an amendment of the complaint, leaving only the non-patent claim for determination). Thus, the complaint, as amended, contains no federal claims.

2

**2.    MOTION TO REMAND**

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "If at any time before final judgment[, however,] it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted). Thus, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Id. (citation omitted). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id. Removal jurisdiction may be based on diversity of citizenship or on the existence of a federal question. 28 U.S.C. § 1441(b); id. at § 1331. Whether removal jurisdiction exists must be determined by reference to the well-pleaded complaint. Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 808 (1986).

Plaintiff argues that this matter should be remanded because no federal claims remain in the Second Amended Complaint. Defendants argue that remand is improper because at the time of removal, the complaint stated a claim under TILA, which is a federal statute. If federal claims exist at the time of removal, a later amendment deleting all federal claims does not deprive the federal court of subject matter jurisdiction, even though only state law claims remain. Sparta Surgical Corp. v. Nat'l Ass'n of Securities Dealers, 159 F.3d 1209, 1213 (9th Cir. 1998); Nishimoto v. Federman-Bachrach & Associates, 903 F.2d 709, 715 (9th Cir. 1990). However, the Court has discretion either to dismiss the state law claims or remand the action to state court. When the federal claims have dropped out of the lawsuit in its early stages and only state law claims remain, it may be an abuse of discretion for the federal district court to retain the case. Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 349 (1988); Wren v. Sletten Const. Co., 654 F.2d 529, 536 (9th Cir. 1981) ("The doctrine of pendent jurisdiction is one of discretion, not of power, as long as the federal claims are substantial enough to confer subject-matter jurisdiction on the federal court. . . When the state issues apparently

3

1 predominate and all federal claims are dismissed before trial, the proper exercise of discretion
2 requires dismissal of the state claim."). This discretionary decision is dependent upon what will best
3 accommodate the values of "economy, convenience, fairness, and comity." Harrell v. 20th Century
4 Ins. Co., 934 F.2d 203, 205 (9th Cir. 1991).

5    Here, the Court will not exercise its discretion to retain the state law claims at this early stage
6 of the litigation. Although Plaintiff waited until Defendants filed a motion to dismiss to take action
7 to eliminate her federal claims, that action was early in the case, and there has been no showing that
8 there was anything manipulative about the tactical decision to move for remand with "due speed
9 after removal." Baddie v. Berkeley Farms, 64 F.3d 487, 491 (9th Cir. Cal. 1995) (overruled in part
10 on other grounds) ("There was nothing manipulative about that straightforward tactical decision [to
11 dismiss their federal claims after removal], and there would be little to be gained in judicial
12 economy by forcing plaintiffs to abandon their federal causes of action before filing in state court.").
13 The balance of factors weighs toward remand to state court, where this case began and the Superior
14 Court has already ruled on a demurrer.

### 3.   CONCLUSION

Accordingly, the Court construes Plaintiff's dismissal of her federal claims as an amendment of the complaint pursuant to Rule 15(a) that eliminates all federal claims. The Court declines to exercise jurisdiction over the remaining state law claims. Therefore, Plaintiff's Motion to Remand is granted, and Defendants' Motion to Dismiss is denied as moot.

**IT IS SO ORDERED.**

Dated: August 11, 2009

*Elizabeth D. Laporte*
ELIZABETH D. LAPORTE
United States Magistrate Judge

4